DA 09-0053

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 358N

JOHN C. McSHEA,

Petitioner and Appellant,

v.

ARLENE McSHEA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 07-33B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kevin S. Brown; Paoli & Brown, P.C.; Livingston, Montana

For Appellee:

Brenda R. Gilbert; Swandal, Douglass & Gilbert P.C.;
Livingston, Montana

Submitted on Briefs:  July 8, 2009

Decided:  October 27, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner John C. McShea (Jack) appeals the order of the Eighteenth Judicial District Court, Gallatin County, awarding monthly spousal maintenance and child support to Arlene McShea (Arlene). We affirm in part and remand for further findings.

¶3 On October 6, 2008, the District Court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution. The District Court entered judgment dissolving the parties' marriage, approving the stipulated parenting plan, dividing the marital estate, and awarding monthly child support and spousal maintenance.

¶4 The parties were married in November 1989 and separated in June 2005. They have two children. Jack holds degrees in Physics and Arlene holds degrees in Liberal Arts and Philosophy. During their marriage, the parties agreed Arlene would home-school the children and not seek employment outside the home. She operated home-based business projects with modest financial results, while Jack consistently worked outside the home in a variety of technology-related positions. The District Court ordered Jack to pay $863 in monthly child support and $2,200 in monthly maintenance and concluded that when the youngest child completes the high school curriculum, Arlene's

monthly maintenance will be permanently reduced to $1,700 unless she remarries, at which time the maintenance shall cease.

¶5 Jack argues on appeal that the District Court arbitrarily awarded Arlene more maintenance than she requested and awarded lifetime spousal maintenance without regard to his ability to pay. Jack also argues the District Court failed to explain why it did not adjust Arlene's future maintenance by the amount she would begin receiving from Social Security.

¶6 We focus our analysis on two distinct issues. First, whether the District Court erred in not establishing an offset in maintenance for the Social Security payments Arlene will receive once Jack's benefits ripen. Second, whether the District Court abused its discretion in awarding Arlene lifetime maintenance.

¶7 While Jack's brief contains a substantial volume of information regarding his broader financial circumstances, his sole support regarding the specific Social Security offset argument consists of a transcript excerpt in which Arlene acknowledged the reasonableness of factoring in the Social Security offset. He argues: "[b]ecause Arlene herself admitted it would be reasonable for her future lifetime spousal maintenance to be offset dollar for dollar by any social security money she receives, the district court should have done so."

¶8 There is no language in the maintenance statute requiring the court to take a course of action because one party has acknowledged it as "reasonable." Instead, the maintenance statute requires a court to order maintenance "in the amount and duration it deems just in light of all relevant facts." Section 40-4-203, MCA. While Jack lists

3

relevant facts about his income, debt and ability to pay for living expenses, he fails to provide precedent that specifically addresses Social Security offsets in the maintenance context. This Court has repeatedly held that we will not consider unsupported arguments. *See In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, 209, 19 P.3d 811, 816. We are also under no obligation to locate authorities or formulate arguments for a party on appeal. *See In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, 438, 35 P.3d 291, 297.

¶9 The second issue we consider is whether the District Court abused its discretion by awarding Arlene lifetime maintenance. The District Court is authorized under § 40-4-203, MCA, to order maintenance in the amount and duration it deems just in light of all relevant facts. Given that the District Court granted lifetime maintenance, the District Court must provide more detailed findings of fact in support of its conclusions. We remand for further findings regarding the long-term finding of permanent maintenance.

¶10 Upon reviewing the record and the District Court's October 6, 2008 judgment, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We remand this case for further findings regarding the award of permanent maintenance.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER